# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES FARMER, et al., | Civil No. 1:24-cv-01654 |
| Plaintiffs, | |
| v. | |
| ENVIRONMENTAL PROTECTION AGENCY, et al. | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

Shari Howard (D.P.R. No. G04015)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-9407
Fax: (202) 514-8865
shari.howard@usdoj.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

INTRODUCTION ...........................................................................................................1

BACKGROUND .............................................................................................................1

  1.  Legal Background.................................................................................................1

    A.   Clean Water Act ("CWA") ...........................................................................1

    B.   Administrative Procedure Act.......................................................................2

  2.  Factual Background……………………………………………………………...3

STANDARD OF REVIEW ............................................................................................4

ARGUMENT ..................................................................................................................5

    1.   Plaintiffs' CWA citizen suit claims should be dismissed for failure to identify a non-discretionary duty that EPA has failed to perform............................................5

    2.   Plaintiffs' APA section 706(1) unlawfully withheld and unreasonably delay claims should be dismissed because the CWA citizen suit provision provides an adequate judicial remedy.....................................................................................................7

    3.   Plaintiffs' APA section 706(2)(a) claims should be dismissed because Plaintiffs have failed to identify a "final" agency action........................................................8

CONCLUSION...............................................................................................................12

i

# TABLE OF AUTHORITIES

Cases

*AT&T Co. v. EEOC*,
270 F.3d 973 (D.C. Cir. 2001) ............................................................................. 8

*Bates v. Rumsfeld*,
271 F. Supp. 2d 54 (D.D.C. 2002) ....................................................................... 5

*\*Bennett v. Spear*,
520 U.S. 154 (1997) ........................................................................................ 9, 11

*\*Bowen v. Massachusetts*,
487 U.S. 879 (1988) ............................................................................................. 7

*Davis v. Sarles*,
134 F. Supp. 3d 223 (D.D.C. 2015) ..................................................................... 5

*\*Defs. of Wildlife v. Jackson*,
284 F.R.D. 1 (D.D.C. 2012) ......................................................................... 6, 7, 8

*Defs. of Wildlife v. Perciasepe*,
714 F.3d 1317 (D.C. Cir. 2013) ........................................................................... 6

*District of Columbia v. Schramm,*
631 F.2d 854 (D.C.Cir.1980) ............................................................................... 7

*FAA v. Cooper*,
566 U.S. 284 (2012) ......................................................................................... 4, 5

*Gustave-Schmidt v. Chao*,
226 F. Supp. 2d 191 (D.D.C. 2002) ..................................................................... 5

*Hinton v. Corr. Corp. of Am.*,
624 F. Supp. 2d 45 (D.D.C. 2009) ....................................................................... 5

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375 (1994) ............................................................................................. 4

*Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*,
507 U.S. 163 (1993) ............................................................................................. 5

*\*Lujan v. Nat'l Wildlife Fed'n*,
497 U.S. 871 (1990) ......................................................................................... 8, 9

*McCardle*,
75 U.S. 506 (1868) ............................................................................................... 4

*Nat'l Ass'n of Home Builders v. U. S. Army Corps of Eng'rs*,
    417 F.3d 1272 (D.C. Cir. 2005)...................................................................................11

*Nat'l Wildlife Fed'n v. Browner*,
    No. CIV. A. 95-1811(JHG), 1996 WL 601451 (D.D.C. Oct. 11, 1996)....................................... 7

*Norton v. S. Utah Wilderness All.,
    542 U.S. 55 (2004)............................................................................................. 8, 12

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998)....................................................................................... 5

*Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*,
    324 F.3d 726 (D.C. Cir. 2003)...............................................................................3, 9, 11

*Role Models Am., Inc. v. White*,
    317 F.3d 327 (D.C. Cir. 2003)....................................................................................11

*S.F. Herring Ass'n v. Dep't of the Interior*,
    946 F.3d 564 (9th Cir. 2019)....................................................................................11

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998)............................................................................................... 4

*Trudeau v. FTC*,
    456 F.3d 178 (D.C. Cir. 2006).................................................................................... 3

*United States v. Gaubert,
    499 U.S. 315 (1991)............................................................................................. 5

*United States v. Sherwood*,
    312 U.S. 584 (1941)............................................................................................. 4

                    Statutes

5 U.S.C. § 551(13) ................................................................................................ 9

5 U.S.C. § 553(e) ................................................................................................11

5 U.S.C. § 701(a) ................................................................................................ 3

5 U.S.C. § 706(1) .............................................................................................. 2, 7

5 U.S.C. § 706(b)(2)(B) ........................................................................................... 3

5 U.S.C. § 704 ............................................................................................... 2, 3, 7

33 U.S.C. § 1251(a) .............................................................................................. 2

33 U.S.C. § 1251(b) ................................................................................................ 2

33 U.S.C. § 1292(2)(A) .......................................................................................... 2

33 U.S.C. § 1345(a) ................................................................................................ 2

33 U.S.C. § 1345(d) ................................................................................................ 6

33 U.S.C. § 1345(d)(2) ........................................................................................... 6

33 U.S.C. § 1345(d)(2)(A)-(B) .............................................................................. 2

33 U.S.C. § 1345(d)(2)(B) ..................................................................................... 3

*33 U.S.C. § 1345(d)(2)(C) ......................................................................2, 3, 6, 8, 9, 11

33 U.S.C. § 1365(a)(2) ..................................................................................... 2, 6, 7

Pub. L. No. 100-4 .................................................................................................. 3

Rules

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 5, 13

Fed R. Civ. P 12(b)(1) ...................................................................................... 5, 13

Local Rule 7(n)(1) .................................................................................................. 1

Regulations

40 C.F.R. Part 503 .................................................................................................. 3

40 C.F.R. § 503.9(w) .............................................................................................. 3

58 Fed. Reg. 9248-9404 (Feb. 19, 1993) ............................................................. 10

## INTRODUCTION

Plaintiffs filed this lawsuit claiming that EPA has a non-discretionary duty to regulate several per-and polyfluroalkyl substances ("PFAS") in sewage sludge.  Yet Plaintiffs have identified no Clean Water Act ("CWA") section that requires EPA to regulate PFAS in the manner set forth in Plaintiffs' second amended complaint.  Thus, Plaintiffs have not met the CWA citizen suit requirements and their CWA citizen suit claims should be dismissed.  Their parallel Administrative Procedure Act ("APA") claims should likewise be dismissed; Plaintiffs cannot use the APA to evade the limitations on the CWA citizen suit provision.  Even if they could, Plaintiffs still would have failed to identify an actionable non-discretionary duty that EPA has failed to perform.

Plaintiffs also claim that EPA acted arbitrarily and capriciously in violation of APA section 706(2)(a) by not including certain PFAS in its December 2022 biennial report ("Biennial Report No. 9") on its review of the regulations related to toxic pollutants in sewage sludge.  But Plaintiffs have not shown that issuance of that report was a final agency action subject to judicial review.[1]  Thus, Plaintiffs' APA claims should also be dismissed.

## BACKGROUND

### 1.  Legal Background

#### A.  Clean Water Act ("CWA")

---

[1]  As discussed *infra* at 8-12, EPA's Biennial Report No. 9 is not an agency action so there is no related administrative record.  But to the extent that the Court finds there is an agency action, EPA requests suspension of the Local Rule 7(n) deadline until at least 30 days after the Court's ruling on EPA's motion to dismiss.  *See* Local Rule 7(n)(1) ("the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.").

The CWA establishes a comprehensive cooperative program between the Federal government and the States "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The CWA takes care to "recognize, preserve, and protect the primary responsibilities and rights of States to prevent, reduce, and eliminate pollution." 33 U.S.C. § 1251(b).

CWA section 405 requires EPA to regulate the "disposal of sewage sludge resulting from the operation of a treatment works as defined in section 1292 of this title."[2] 33 U.S.C. § 1345(a). CWA section 405(d)(2)(A) and (B) require EPA to identify and regulate toxic pollutants. 33 U.S.C. § 1345(d)(2)(A)-(B). CWA section 405(d)(2)(C) requires EPA to "review the regulations promulgated under this paragraph for the purpose of identifying additional toxic pollutants and promulgating regulations for such pollutants" no less than every two years. *See* 33 U.S.C. § 1345(d)(2)(C). Finally, CWA section 505(a)(2) provides a limited sovereign immunity waiver permitting citizens to sue EPA for "a failure … to perform any act or duty under this chapter which is not discretionary." 33 U.S.C. § 1365(a)(2).

## B. Administrative Procedure Act

Where there is "no other adequate remedy in a court," 5 U.S.C. § 704, section 706(1) of the Administrative Procedure Act ("APA") allows federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). APA section 706(b)(2)(B) gives reviewing courts authority to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

---

[2] CWA section 212 defines "treatment works" as "any devices and systems used in the storage, treatment, recycling, and reclamation of municipal sewage or industrial wastes of a liquid nature to implement section 1281 of this title" among other things listed in that section. *See* 33 U.S.C. § 1292(2)(A).

5 U.S.C. § 706(b)(2)(B).  Review is unavailable under the APA, where, among other things, "statutes preclude judicial review."  5 U.S.C. § 701(a).  Agency action must also be "final" to be subject to APA review.  5 U.S.C. § 704; *see also Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (citing *Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) ("If there was no final agency action ..., there is no doubt that appellant would lack a cause of action under the APA.")).

### 2.  Factual background

Sewage sludge is "solid, semi-solid, or liquid residue generated during the treatment of domestic sewage in a treatment works."  40 C.F.R. § 503.9(w).[3]  In 1987, Congress amended the CWA to require EPA to regulate toxic pollutants in sewage sludge.  33 U.S.C. § 1345(d)(2)(B); *see also* Water Quality Act of 1987, Pub. L. No. 100-4, 101 Stat. 7.  In response, EPA promulgated the sewage sludge regulations at 40 C.F.R. Part 503, entitled *Standards for the Use or Disposal of Sewage Sludge*.

EPA is also required to "review" the sewage sludge regulations at least every two years "for the purpose of identifying additional toxic pollutants and promulgating regulations for such pollutants."  *See* 33 U.S.C. § 1345(d)(2)(C).  In December 2022, EPA completed its latest review of the sewage sludge regulations as memorialized in EPA's *Biennial Review of 40 CFR part 503 To Fulfill Clean Water Act Section 405(d)(2)(C), Biosolids Biennial Report No. 9* ("Biennial Report

---

[3]  The terms "biosolids" and "sewage sludge" are often used interchangeably by the public.  But EPA typically uses the term "biosolids" to mean sewage sludge that has been treated to meet the requirements of 40 C.F.R. Part 503 and is intended to be applied to land as a soil conditioner or vegetation fertilizer.  *See* U.S. Environmental Protection Agency, Report: Biosolids Biennial Report No. 9, https://www.epa.gov/system/files/documents/2022-12/2020-2021-biennial-factsheet.pdf (last visited September 9, 2024).

No. 9");[4] *see also* Sec. Am. Compl.[5] ¶ 10 (EPA's "most recent Biosolids Biennial Report No. 9"). To date, EPA has not promulgated any regulations following its release of its Biennial Report No. 9.

## STANDARD OF REVIEW

Federal courts have "limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). Thus, before a federal district court may consider the merits of a lawsuit, it must determine it has subject matter jurisdiction to preside over the issue(s) raised. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (citing *Ex parte McCardle,* 75 U.S. 506, 514 (1868)). There is a presumption against subject matter jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377 (citation omitted).

A sovereign immunity waiver is required for a Plaintiff to establish jurisdiction to sue the federal government. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued.") (citations omitted). Sovereign immunity waivers "must be 'unequivocally expressed' in statutory text." *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (collecting cases). "Any ambiguities in the statutory language are to be construed

---

[4] https://www.epa.gov/system/files/documents/2022-12/2020-2021-biennial-report.pdf (last visited September 9, 2024).
[5] "Sec. Am. Compl." refers to Plaintiffs' *Second Amended Complaint for Declaratory and Injunctive Relief* filed on August 14, 2024 at ECF No. 12.

in favor of immunity … so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires." *Id*.  (collecting cases).

In deciding a Fed R. Civ. P 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court must "accept as true all the factual allegations in the complaint." *See Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993) (citing *United States v. Gaubert,* 499 U.S. 315, 327 (1991)).  But the court is not limited to the allegations in the complaint; the court may also consider "such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *See Bates v. Rumsfeld*, 271 F. Supp. 2d 54, 60 (D.D.C. 2002) (citation omitted).

A motion under Fed. R. Civ. P. 12(b)(6) "challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim." *Davis v. Sarles*, 134 F. Supp. 3d 223, 226 (D.D.C. 2015).  In making its determination on a 12(b)(6) motion, the court may "consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).  The court may also consider "documents 'upon which the plaintiff's complaint necessarily relies' even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *See Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).

## ARGUMENT

### 1.  Plaintiffs' CWA citizen suit claims should be dismissed for failure to identify a non-discretionary duty that EPA has failed to perform.

CWA section 505(a)(2) provides a limited sovereign immunity waiver permitting citizens to sue EPA for "a failure … to perform any act or duty under this chapter which is not

discretionary." *See* 33 U.S.C. § 1365(a)(2).  The CWA section at issue is 405(d)(2)(C), 33 U.S.C. § 1345(d)(2)(C).  It states:

> From time to time, but not less often than every 2 years, the Administrator shall review the regulations [promulgated under CWA section 405(d)] for the purpose of identifying additional toxic pollutants and promulgating regulations for such pollutants consistent with the requirements of this paragraph.

*See* 33 U.S.C. § 1345(d)(2).  Critically, the statute does not require that EPA actually identify additional toxic pollutants in any such review—only that it conducts the review every two years.

EPA accomplishes this duty through its sewage sludge biennial review process.  And, as Plaintiffs admit in paragraph 70 of their second amended complaint, EPA published its last biennial review in December 2022 as reflected in EPA's Biennial Report No. 9.  The report itself makes clear that it was intended to fulfill EPA's CWA section 405(d)(2)(C) duty.[6]  EPA, therefore, does not have an overdue duty related to CWA section 405(d)(2)(C), 33 U.S.C. § 1345(d)(2)(C).

Even if Plaintiffs had identified a missed biennial review deadline, the relief they seek— an order directing EPA to identify PFAS in its next biennial report, and to regulate PFAS thereafter—is simply not available.  The CWA does not contain a non-discretionary duty for EPA to regulate PFAS (or any other specific pollutant) in sewage sludge.  *See* CWA section 405(d), 33 U.S.C. § 1345(d).  Non-discretionary duties must be clearly stated in the text of the statute.  *Defs. of Wildlife v. Jackson*, 284 F.R.D. 1, 4 (D.D.C. 2012), *aff'd in relevant part in Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317 (D.C. Cir. 2013) ("the citizen suit must [identify] a nondiscretionary duty that is readily-ascertainable") (cleaned up).  CWA section 405(d)(2)(C) does not pinpoint any specific substance or toxic pollutant that must be identified or regulated in sewage sludge.  *See* 33 U.S.C. § 1345(d)(2)(C).  Without a clear mandate that EPA must identify or regulate a specific

---

[6] https://www.epa.gov/system/files/documents/2022-12/2020-2021-biennial-report.pdf (last visited September 9, 2024).

substance in sewage sludge, both the identification and regulation of any additional toxic pollutants(s) are left to the discretion of EPA.  Indeed, discretionary actions cannot formulate the basis for a citizen suit claim under CWA section 505.  *See* 33 U.S.C. § 1365(a)(2); *see also Nat'l Wildlife Fed'n v. Browner*, No. CIV. A. 95-1811(JHG), 1996 WL 601451, at *5 (D.D.C. Oct. 11, 1996), *aff'd*, 127 F.3d 1126 (D.C. Cir. 1997) ("A clearly mandated, nondiscretionary duty imposed on EPA by the Clean Water Act may establish jurisdiction under the citizen suit provisions, but a discretionary duty defeats jurisdiction.") (citing *District of Columbia v. Schramm,* 631 F.2d 854, 859 n.10 (D.C.Cir.1980)).

Plaintiffs have failed to identify a CWA non-discretionary duty to support their 33 U.S.C. § 1365(a)(2) claims.  Thus, the CWA citizen suit allegations in Plaintiffs' first and fourth causes of action lack subject matter jurisdiction and should be dismissed.

## 2.   Plaintiffs' APA section 706(1) unlawfully withheld and unreasonably delay claims should be dismissed because the CWA citizen suit provision provides an adequate judicial remedy.

The APA precludes judicial review under the APA where there is another "adequate remedy in court."  *See* 5 U.S.C. § 704; *see also Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (APA section 704 "as enacted also makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action.").  As discussed *supra* at 5-6, the CWA provides a limited sovereign immunity waiver permitting judicial review of claims related to EPA's noncompliance with its mandatory duties.  *See* 33 U.S.C. § 1365(a)(2).  The CWA citizen suit provision provides the same remedy as APA section 706(1)—a court ordered date certain for EPA to complete a non-discretionary duty.  *Compare* 33 U.S.C. § 1365(a)(2) with 5 U.S.C. § 706(1).  Plaintiffs cannot end-run the limitations of the citizen-suit provision discussed in the preceding section merely by invoking the APA.  *Bowen*, 487 U.S. 879, 903 (1988).

Even if Plaintiffs could bring claims under APA section 706(1), Plaintiffs run afoul of the same problem presented in their CWA claims: i.e., they have failed to identify a non-discretionary duty that EPA has failed to perform. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*").[7]  Plaintiffs allege that EPA unlawfully withheld or unreasonably delayed action under CWA section 405(d)(2)(C), 33 U.S.C. § 1345(d)(2)(C) by not identifying "the PFAS listed in Table 1" and by not regulating "the PFAS listed in Table 2" of their second amended complaint in its Biennial Report No. 9.  *See* Sec. Am. Compl. ¶¶ 75, 89.  For the reasons stated *supra* at 6-7, however, there is no mandatory duty for EPA to identify or regulate any particular substance in sewage sludge.  Because Plaintiffs have not identified a mandatory duty that has been unlawfully withheld or unreasonably delayed by EPA, their second and fifth causes of action should be dismissed.

### 3. Plaintiffs' APA section 706(2)(a) claims should be dismissed because Plaintiffs have failed to identify a "final" agency action.

Plaintiffs also argue that EPA was arbitrary and capricious by failing to identify certain PFAS in its biennial report.  *See* Sec. Am. Compl. ¶¶ 77-79.  Judicial review under APA section 706(2)(a) is limited to final agency action.  *AT&T Co. v. EEOC*, 270 F.3d 973, 975 (D.C. Cir. 2001).  EPA's biennial report is not such an action.

Inherent in the term "final agency action" is "agency action."  *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 890 (1990).  The APA defines "agency action" as "the whole or a part of an

---

[7]  This limitation to "discrete" agency actions is critical, as it precludes broad programmatic attacks seeking the wholesale improvement of executive-branch programs by judicial decree, and saves courts from becoming enmired in day-to-day agency management. *Id.* at 64–65 (citing *Lujan*, 497 U.S. 871).

agency rule, order, license, sanction, relief or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13); *see also Lujan*, 497 U.S. at 882.  EPA's Biennial Report No. 9 is not "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof" or evidence of a "failure to act."  *See* 5 U.S.C. § 551(13).  Plaintiffs have therefore failed to identify an "agency action" and the Court need delve no further into the "final agency action" analysis.

Even if the Court finds that Biennial Report No. 9 is an agency action, it is not a final agency action.  The Supreme Court has established that two conditions must be satisfied for an "agency action to be 'final'."  *Bennett v. Spear*, 520 U.S. 154, 177-8 (1997).  The action must first "mark the 'consummation' of the agency's decionmaking process" and "must not be of a merely tentative or interlocutory nature."  *Id*.  Second, the action "must be one by which rights or obligations have been determined, or from which legal consequences will flow."  *Bennett, 520 U.S.* at 178 (cleaned up).  If a challenged agency action is not final, then a plaintiff cannot use that action as a basis for a claim upon which relief may be granted.  *Reliable Automatic Sprinkler Co.,* 324 F.3d at 731 (finding no final agency action and dismissing under Rule 12(b)(6) for failure to state a claim).

EPA's Biennial Report No. 9 meets neither prong of the final agency action test.  *Bennett, 520* U.S. at 177-8.  First, the report is interlocutory.  *Id*. at 178.  It marks the beginning, not the end, of the decisionmaking process regarding regulation of toxic pollutants in sewage sludge and is designed to help identify pollutants for potential regulation.  *See* 33 U.S.C. § 1345(d)(2)(C). The following flowchart from EPA's *Biosolids Laws and Regulations* website shows the process:[8]

---

[8] *See* U.S. EPA's *Biosolids Laws and Regulations, How Biosolids are Regulated*, https://www.epa.gov/biosolids/biosolids-laws-and-regulations (last visited September 9, 2024).



If EPA identifies a pollutant for regulation, several steps follow: risk screening, risk assessment, consideration of rulemaking, proposed rule, public comment, then the final rule.[9]  Only when EPA adopts a final rule has the decisionmaking process been consummated.[10]  *See Standards for the Use or Disposal of Sewage Sludge*, Final Rule, 58 Fed. Reg. 9248-9404 at 9248, 9252 (Feb. 19, 1993) ("The regulations establish requirements for the final use and disposal of sewage sludge.") ("Today's final rule uses a[] [highly exposed individual, plant or animal] analysis supported by an aggregate risk assessment on higher risk populations or special subpopulations (e.g., children) to ensure protection of public health and the environment.").  If, on the other hand, EPA does not identify a particular pollutant for regulation, that does not mean EPA has determined never to regulate that pollutant; as discussed below, such decisions are revisited biennially.  In addition, an

---

[9] *Id.*

[10] *See* U.S. EPA's *Biennial Reviews of Sewage Sludge Standards, https://www.epa.gov/biosolids/biennial-reviews-sewage-sludge-standards* ("A biennial report alone does not result in adding regulated pollutants in sewage sludge under 40 CFR part 503. The biennial review assists in meeting the CWA requirement to identify additional pollutants in biosolids and compiles data that may be used to assess risk.") (last visited September 9, 2024).

interested party can petition the Agency under APA section 553(e) to initiate a rulemaking to regulate any pollutant they are concerned with, and EPA's possible denial of that petition would be subject to judicial review. *See* 5 U.S.C. § 553(e) ("Each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule.").  EPA's biennial reviews are therefore "tentative or interlocutory" actions. *See Nat'l Ass'n of Home Builders v. U. S. Army Corps of Eng'rs*, 417 F.3d 1272, 1278-79 (D.C. Cir. 2005) (internal citations omitted); *see also S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 578–79 (9th Cir. 2019) ("tentative or interlocutory" action is not an Agency's expression that it "arrived at a definitive position").

Second, Biennial Report No. 9 does not determine "rights or obligations" and no legal obligations flow from it.  *Bennett*, 520 U.S. at 178.  The report announces no legally binding actions.  EPA's provisional determinations *not to* identify a pollutant for potential regulation do not bind EPA or third parties and are revisited biennially in accordance with the requirement of CWA section 405(d)(2)(C), 33 U.S.C. § 1345(d)(2)(C).  Nor is the identification of a pollutant in a biennial review a prerequisite to regulation.  EPA simply uses the biennial review as a tool to help the Agency identify pollutants in sewage sludge.  The biennial plan does not change EPA's statutory obligations, alter the rights of Plaintiffs or any other third party, or give rise to any binding legal consequences.  *See Reliable Automatic Sprinkler Co. v*, 324 F.3d at 732 (finding no final action because "[n]o legal consequences flow[ed] from the agency's conduct to date").  In short, Biennial Report No. 9 binds no one to anything.  *See id.* at 732 (agency action non-final when it had "not yet made any determination or issued any order imposing any obligation on [plaintiff], denying any right of [plaintiff], or fixing any legal relationship") (citing *Role Models Am., Inc. v. White*, 317 F.3d 327, 330–31 (D.C. Cir. 2003).  Instead, the biennial report is simply "a statement

11

of priorities; it guides … actions, but does not (at least in the usual case) prescribe them," and is thus not final agency action.  *See Norton*, 542 U.S. at 71.

Finally, the report even contains a notice on page iii that clarifies it does not impose any legal obligations or determine any rights or obligations.  The notice states:

> This document is not a regulation, nor does it change or substitute for any statutory provisions or EPA regulations.  Thus, *it imposes no legally binding requirements on EPA, states, tribes, or the regulated community*.  While EPA has made every effort to ensure the accuracy of the content of this document, *obligations of the regulated community continue to be determined by statutes, regulations, or other legally binding requirements*.  In the event of a conflict between the discussion in this document and any statute or regulation, this document would not be controlling.[11]

(emphasis added).  Because EPA's Biennial Report No. 9 does not impose legal obligations or determine rights or obligations, it is not a final agency action and thus is not subject to judicial review under APA section 706(2)(a).  Therefore, Plaintiffs' third cause of action should be dismissed.

## CONCLUSION

In sum, Plaintiffs have failed to identify a non-discretionary duty to sustain their CWA citizen suit provision claims in their first and fourth causes of action and have asserted APA section 706(1) claims that are essentially the same as their CWA citizen suit provision claims and are thus barred by APA section 704 in their second and fifth causes of action.  Plaintiffs are also seeking judicial review of a non-final action under APA section 706(2)(a) in their third cause of action.  Thus, Plaintiffs' *Second Amended Complaint for Declaratory and Injunctive Relief* should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

---

[11] https://www.epa.gov/system/files/documents/2022-12/2020-2021-biennial-report.pdf (last visited September 9, 2024).

Dated:  September 9, 2024

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

_____/s/ Shari Howard_____
Shari Howard
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-9407
Fax: (202) 514-8865
shari.howard@usdoj.gov

*Counsel for Defendants*

13