UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES FARMER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, et al. <br><br> Defendants. | Civil No. 1:24-cv-01654 (DLF) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

Shari Howard
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-9407
Fax: (202) 514-8865
shari.howard@usdoj.gov

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ iii

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................... 1

    1.  Plaintiffs concede that their second and fifth causes of action alleging APA section 706(1) unlawfully withheld and unreasonably delayed claims should be dismissed. ............................. 1

    2.  Plaintiffs' CWA citizen suit claims should be dismissed for failure to identify a nondiscretionary duty with which EPA has failed to comply. ..................................................... 1

    3.  Plaintiffs' APA section 706(2) claim should be dismissed for failure to identify a final agency action. ..................................................................................................................... 6

CONCLUSION ................................................................................................................................. 9

## TABLE OF AUTHORITIES

Cases

*All. To Save Mattaponi v. U.S. Army Corps of Eng'rs*,
    515 F. Supp. 2d 1 (D.D.C. 2007) ................................................................. 3, 5, 6, 8

*Armco, Inc. v. EPA*,
    869 F.2d 975 (6th Cir. 1989) ................................................................................. 4

*Bennett v. Spear*,
    520 U.S. 154 (1997) ............................................................................................... 7

*Bowen v. Massachusetts*,
    487 U.S. 879 (1988) ............................................................................................... 7

*Envtl. Def. Fund v. Thomas*,
    870 F.2d 892 (2d Cir. 1989) ................................................................................... 4

*Nat'l Res. Def. Council v. EPA*,
    437 F. Supp. 2d 1137 (C.D. Cal. 2006) ................................................................. 5

*FAA v. Cooper*,
    566 U.S. 284 (2012) ............................................................................................... 4

*Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*,
    460 F.3d 13 (D.C. Cir. 2006) .................................................................................. 7

*Irwin v. Dep't of Veterans Affs.*,
    498 U.S. 89 (1990) ................................................................................................. 2

*Lane v. Pena*,
    518 U.S. 187 (1996) ............................................................................................... 1

*Nat'l Res. Def. Council v. EPA*,
    437 F. Supp. 2d 1137 (C.D. Cal. 2006) ................................................................. 5

*Nat'l Res. Def. Council v. Reilly*,
    No. 89-2980, 1991 U.S. Dist. LEXIS 5334 (D.D.C. Apr. 23, 1991) ........................ 5

*Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*,
    87 F.3d 1242 (11th Cir. 1996) ................................................................................ 3

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ................................................................................................. 6

*United States v. Nordic Vill., Inc.*,
  503 U.S. 30 (1992) ............................................................................................................. 2

*United States v. Williams*,
  514 U.S. 527 (1995) ........................................................................................................... 2

### Statutes

5 U.S.C. § 553(e) ..................................................................................................................... 8

5 U.S.C. § 704 ..................................................................................................................... 1, 7

5 U.S.C § 706(1) ...................................................................................................................... 6

5 U.S.C § 706(2) ............................................................................................................... 6, 7, 8

33 U.S.C. § 1345(d)(2) ............................................................................................................ 8

33 U.S.C. § 1345(d)(2)(A)-(C) ................................................................................................ 2

33 U.S.C. § 1345(d)(2)(A)-(B) ................................................................................................ 3

33 U.S.C. § 1345(d)(2)(C) ........................................................................................ 2, 3, 4, 5, 7

33 U.S.C. § 1365(a)(2) ..................................................................................................... 2, 6, 7

42 U.S.C. § 7408(a)(1)(A) ....................................................................................................... 4

### Rules

Fed. R. Civ. P. 12(b)(1) ........................................................................................................... 6

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 8

## INTRODUCTION

Plaintiffs' second amended complaint, ECF No. 12 ("Sec. Am. Compl."), should be dismissed in its entirety. At bottom, Plaintiffs' response in opposition to EPA's motion to dismiss, ECF No. 14 ("Pls.' Resp."), confirms that Plaintiffs' lawsuit improperly seeks to use the Clean Water Act's citizen suit provision and the Administrative Procedure Act ("APA") to force EPA to regulate several per- and polyfluoroalkyl substances ("PFAS") in sewage sludge. Plaintiffs have failed to establish subject matter jurisdiction for their Clean Water Act ("CWA") citizen suit claims or that their APA claims meet the threshold for entitlement to judicial relief. Plaintiffs have not identified a CWA nondiscretionary duty with which EPA has failed to comply to sustain their CWA citizen suit claims. And Plaintiffs have conceded that their APA § 706(1) claims should be dismissed because the CWA provides an "adequate remedy in court," Pls.' Resp. at 16. Plaintiffs have also failed to identify a final agency action to support their APA § 706(2) claims. As a result, Plaintiffs' second amended complaint should be dismissed.

## ARGUMENT

**1. Plaintiffs concede that their second and fifth causes of action alleging APA section 706(1) unlawfully withheld and unreasonably delayed claims should be dismissed.**

Plaintiffs concede that the second and fifth causes of action in their second amended complaint, ECF No. 12 ¶¶ 74-76, 88-90, should be dismissed because "the Clean Water Act provides an 'adequate remedy in court,'" Pls.' Resp. at 16 (quoting 5 U.S.C. § 704). The Court should therefore dismiss those claims.

**2. Plaintiffs' CWA citizen suit claims should be dismissed for failure to identify a nondiscretionary duty with which EPA has failed to comply.**

A sovereign immunity waiver that is "unequivocally expressed in statutory text" is required for Plaintiffs to sue the United States and its agencies. *Lane v. Pena*, 518 U.S. 187, 192 (1996)

(citing *United States v. Nordic Vill., Inc.,* 503 U.S. 30, 33–34, 37 (1992)).  Plaintiffs may not rely on an "implied" sovereign immunity waiver to demonstrate subject matter jurisdiction.  *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990) (internal citations omitted).  Any "ambiguities" in statutory text will be construed "in favor of immunity."  *United States v. Williams*, 514 U.S. 527, 531 (1995) (citing *Nordic Vill., Inc.,* 503 U.S. at 33).

Plaintiffs are suing EPA under the CWA citizen suit provision, 33 U.S.C. § 1365(a)(2), alleging that EPA has a nondiscretionary duty to identify and regulate certain PFAS under CWA section 405(d)(2)(C).  *See* 33 U.S.C. § 1345(d)(2)(C).  As argued in EPA's memorandum in support of its motion to dismiss, ECF No. 13-1 at 5-7, CWA section 405(d)(2)(C) contains no such nondiscretionary duty.  That provision does not mention PFAS or any substance specifically.  *See* 33 U.S.C. § 1345(d)(2)(C).  The plain language of the provision simply requires EPA to "review the regulations" promulgated under CWA section 405(d) "for the purpose of identifying additional toxic pollutants and promulgating regulations for such pollutants consistent with the requirements of this paragraph."  *See id.*; *see also* Pls.' Resp. at 8 (citing 33 U.S.C. "§ 1345(d)(2)(C) (the biennial review provision)").  This review must occur "not less often than every 2 years," and EPA has complied with the review requirement.  *See* 33 U.S.C. § 1345(d)(2)(C).  EPA's last review occurred within the last two years, in December 2022, as shown in EPA's Biennial Report No. 9.[1]  Thus, Plaintiffs have identified no nondiscretionary duty to provide subject matter jurisdiction for their CWA claims.

Plaintiffs invite the Court to view CWA section 405(d)(2)(C) as imposing the same duties on EPA as CWA sections 405(d)(2)(A) and 405(d)(2)(B).  *See* 33 U.S.C. § 1345(d)(2)(A)-(C); s*ee*

---

[1] https://www.epa.gov/system/files/documents/2022-12/2020-2021-biennial-report.pdf (Last visited September 30, 2024).

*also* Pls.' Resp. at 8-12. The plain language of these sections, however, does not support Plaintiffs' arguments, despite Plaintiffs' claim that section 405(d)(2)(C) references certain requirements in the earlier sections. Both sections 405(d)(2)(A) and (B) have specific dates in the 1980s by which EPA was required to promulgate "Proposed regulations" and "Final regulations." *See* 33 U.S.C. § 1345(d)(2)(A)-(B). CWA section 405(d)(2)(C) has no such requirement for proposed or final regulations. Congress could have used the same language in CWA section 405(d)(2)(C), if it intended for that section to impose on EPA a nondiscretionary requirement to propose and finalize additional regulations pertaining to sewage sludge. *See* 33 U.S.C. § 1345(d)(2)(C). Instead, Congress used CWA section 405(d)(2)(C) to impose a nondiscretionary requirement for EPA to "Review" the regulations that were already promulgated for the specific purposes stated in the section. *Id*. Only if EPA determines that regulation of any particular pollutant is warranted does EPA then do so "consistent with the requirements of" section 405(d)(2)(A)(i). *Id*. EPA then proceeds by specifying acceptable management practices for sewage sludge containing such pollutant and establishing numerical limitations for such pollutant for uses of sewage sludge identified (unless numerical limitations are not feasible, as described in section 405(d)(3)). The substances that are identified in sewage sludge as "toxic pollutants" warranting regulation, and the timing of any subsequent regulation are left to the discretion of EPA. *Id.*; *see also All. To Save Mattaponi v. U.S. Army Corps of Eng'rs*, 515 F. Supp. 2d 1, 4 n.2 (D.D.C. 2007) ("the citizen suit provision of the Clean Water Act does not apply" to discretionary authority) (citing *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1249 (11th Cir. 1996)).

Although EPA does not dispute that CWA section 405(d)(2)(C) imposes a nondiscretionary duty to conduct a biennial review, nothing in the statute supports Plaintiffs' view that this duty

3

includes the duty to regulate every substance that EPA identifies in the biennial review process. Pls.' Resp. at 12. The plain language of CWA section 405(d)(2)(C) does not support Plaintiffs' assertion. *See* 33 U.S.C. § 1345(d)(2)(C). If Congress intended for every substance identified during the biennial review process to be regulated, Congress would have written that statement in the provision. Without a clear mandate from Congress, EPA does not have a nondiscretionary duty to regulate every substance identified during its biennial review of the sewage sludge regulations. *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (sovereign immunity waivers "must be 'unequivocally expressed' in statutory text").

Moreover, Plaintiffs' reliance on *Armco, Inc. v. EPA* to support their argument that EPA has a nondiscretionary duty to issue sewage sludge regulations every two years is inapposite. 869 F.2d 975, 981-82 (6th Cir. 1989); Pls.' Resp. at 7-8, 13, 16. The *Armco* court did not discuss EPA's obligation to conduct a biennial review under CWA section 405(d)(2)(C) at all. That court merely acknowledged, in dicta, EPA's obligation to promulgate sewage sludge regulations under CWA section 405(d)(2)(A) "by August 31, 1987." *See Armco*, 869 F.2d at 981–82.

Similarly, Plaintiffs' use of Clean Air Act section 108(a)(1), 42 U.S.C. § 7408(a)(1)(A), and its related cases[2] to support their interpretation of EPA's nondiscretionary duty under CWA section 405(d)(2)(C) is misplaced. Pls.' Resp. at 11-12. The language and goals of Clean Air Act section 108(a)(1) have no bearing on EPA's responsibilities under CWA section 405(d)(2)(C).

---

[2] Plaintiffs also reference cases that relate to other Clean Air Act (and CWA) sections but fail to demonstrate how the language of those sections show that CWA section 405(d)(2)(C) imposes a nondiscretionary duty on EPA to identify or regulate the PFAS that Plaintiffs list in Tables 1 and 2 of their second amended complaint, ECF No. 12 at 5-7. *See, e.g.*, Pls.' Resp. at 14 "*Envtl. Def. Fund v. Thomas*, 870 F.2d 892, 898-900 (2d Cir. 1989) (where a Clean Air Act provision similar but less prescriptive than the biennial review provision required EPA to review certain regulations at five-year intervals, the district court had jurisdiction to require EPA 'to make some formal decision whether to revise' the standards, without the Court dictating their substance.)."

Plaintiffs acknowledge that Congress entrusted EPA to determine which substances in sewage sludge meet the criteria to be identified as toxic pollutants warranting regulation under CWA section 405(d)(2)(C). *See* Pls.' Resp. at 15 ("[t]he statutory obligation is for EPA to identify *all* pollutants meeting the criteria"). But Plaintiffs challenge EPA's exercise of its decisionmaking authority and request that this Court order EPA to identify certain PFAS (Sec. Am. Compl. at 5-6, Table 1) as "toxic pollutants" warranting regulation, and that EPA promulgate regulations for other PFAS (Sec. Am. Compl. at 6-7, Table 2) in accordance with Plaintiffs' goals. EPA does not have a nondiscretionary duty under CWA section 405(d)(2)(C), 33 U.S.C. § 1345(d)(2)(C), to identify or regulate certain PFAS in the manner outlined by Plaintiffs. *See* ECF No 14 at 12-16.

As discussed *supra* at 2, CWA section 405(d)(2)(C) lists no substances that must be identified as toxic substances. *See* 33 U.S.C. § 1345(d)(2)(C). Plaintiffs' attempts to rely on the CWA sections (which Plaintiffs fail to identify in their response) in *Nat'l Res. Def. Council v. EPA*, 437 F. Supp. 2d 1137, 1159-60 (C.D. Cal. 2006) and *Nat'l Res. Def. Council v. Reilly*, No. 89-2980, 1991 U.S. Dist. LEXIS 5334, *21-*26 (D.D.C. Apr. 23, 1991), Pls.' Resp. at 15, do not salvage Plaintiffs' CWA claims. The language of the CWA sections in those cases is different from the language in CWA section 405(d)(2)(C), and Plaintiffs have not shown how those CWA sections or those cases impose a nondiscretionary duty on EPA to identify and regulate certain PFAS under CWA section 405(d)(2)(C).

CWA section 405(d)(2)(C) requires EPA to review the existing sewage sludge regulations "for the purpose of identifying additional toxic pollutants and promulgating regulations for such pollutants." 33 U.S.C. § 1345(d)(2)(C). And EPA has complied with this obligation as shown in

Biennial Report No. 9.³  Plaintiffs have thus failed to identify an unfulfilled nondiscretionary duty to sustain their CWA citizen suit claims under 33 U.S.C. § 1365(a)(2) in their first and fourth causes of action.  *See* Sec. Am. Compl. ¶¶ 68-73 (first cause of action); Sec. Am. Compl. ¶¶ 80-87 (fourth cause of action).  Plaintiffs' first and fourth causes of action should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.").

3. **Plaintiffs' APA section 706(2) claim should be dismissed for failure to identify a final agency action.**

As discussed *supra* at 1, Plaintiffs conceded that their APA section 706(1), 5 U.S.C § 706(1), claims should be dismissed because the CWA provides an adequate remedy in Court, Pls.' Resp. at 16.  Despite this acknowledgment, Plaintiffs attempt to reframe their APA section 706(2) claim as a "failure to act" (action unlawfully withheld) claim, Pls.' Resp. at 17-18, and not the claim stated in their second amended complaint.  *See* Sec. Am. Compl., ¶ 79 ("EPA *acted* arbitrarily and capriciously and not in accordance with law by failing to identify the PFAS listed in Table 1, [Sec. Am. Compl.] ¶ 10, in its biennial reports.") (emphasis added).  It is clear from Plaintiffs' second amended complaint, *see* ECF No. 12, ¶ 79, that their APA section 706(2), 5 U.S.C § 706(2), claim stems from their review of EPA's biennial reports and quarrels with the contents.

Insofar as Plaintiffs argue that their APA section 706(2), 5 U.S.C § 706(2), claim is a "failure to act" (action unlawfully withheld) claim that could have been brought under APA section 706(1), 5 U.S.C § 706(1), Pls.' Resp. at 17-18, EPA seeks to dismiss Plaintiffs' APA section 706(2) claim for the same reasons EPA sought dismissal of Plaintiffs' APA section 706(1) claims, ECF No. 13-1 at 7-8.  The APA precludes judicial review under the APA where there is another

---

³ https://www.epa.gov/system/files/documents/2022-12/2020-2021-biennial-report.pdf (Last visited September 30, 2024).

6

"adequate remedy in court." *See* 5 U.S.C. § 704; *see also Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (APA section 704 "as enacted also makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). As Plaintiffs concede, Pls.' Resp. at 16, the CWA citizen suit provision, 33 U.S.C. § 1365(a)(2), provides an adequate remedy for claims that EPA failed to act—unlawfully withheld action— pursuant to CWA section 405(d)(2)(C), 33 U.S.C. § 1345(d)(2)(C).

Nor have Plaintiffs identified a final agency action to sustain their APA section 706(2), 5 U.S.C § 706(2), claim. *See* Sec. Am. Compl. ¶¶ 77-9; Pls.' Resp. at 18. To state a claim under APA section 706(2), 5 U.S.C § 706(2), that would entitle Plaintiffs to judicial relief, Plaintiffs must establish that EPA has taken a "final agency action." *See Bennett v. Spear*, 520 U.S. 154, 177-8 (1997); *see also* Pls.' Resp. at 17 n.8 ("[f]inal agency action is a requirement under APA § 706(2)"). As argued in EPA's memorandum in support of its motion to dismiss, ECF No. 13-1 at 8-12, EPA's Biennial Report No. 9 is not an agency action and does not satisfy the two required conditions to be considered final agency action.[4] The report neither marks "the 'consummation' of [EPA's] decisionmaking process" nor determines "rights or obligations" and "legal consequences" do not "flow" from it. *Bennett*, 520 U.S. at 177-8. EPA's Biennial Report No. 9 marks the *potential* beginning of EPA's regulatory process for sewage sludge and is "tentative or interlocutory nature." *See* ECF No. 13-1 at 9-10; *see also Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 18 (D.C. Cir. 2006) ("Whether there has been 'agency action' or 'final agency action' within the meaning of the APA are threshold questions; if these requirements are not met, the action is not reviewable.") (collecting cases).

---

[4] https://www.epa.gov/system/files/documents/2022-12/2020-2021-biennial-report.pdf (Last visited September 30, 2024).

Rather than demonstrate that EPA's Biennial Report No. 9 is a final agency action reviewable under APA section 706(2), 5 U.S.C § 706(2), Plaintiffs instead argue that EPA has acted arbitrarily and capriciously by not identifying certain PFAS "for regulation" that Plaintiffs allege meet "the standards for regulation set out" in Clean Water Act section 405(d)(2), 33 U.S.C. § 1345(d)(2).  *See* Pls.' Resp. at 19-20.  Plaintiffs assert that this is a "final decision" by EPA that the court may review but fail to show how this alleged "final decision" is final agency action reviewable under APA section 706(2).  *See* Pls.' Resp. at 20.  The fact that Plaintiffs want EPA to regulate certain PFAS in sewage sludge is insufficient to support a cause of action upon which relief may be granted under APA section 706(2), 5 U.S.C § 706(2).[5]  And *All. to Save the Mattaponi v. United States Army Corps of Eng'rs* does not save Plaintiffs' APA section 706(2) claim because the facts of that case are easily distinguishable from this case.  515 F. Supp. 2d 1, 9-10 (D.D.C. 2007).  In *All. to Save the Mattaponi*, EPA's veto decision was clearly the end of EPA's decisionmaking process and final action.  Here, Plaintiffs are targeting the potential beginning of a regulatory process and not the end.  *See* ECF No. 13-1 at 9-10 ("If EPA identifies a pollutant for regulation, several steps follow: risk screening, risk assessment, consideration of rulemaking, proposed rule, public comment, then the final rule.").  As a result, Plaintiffs have failed to state a claim under APA section 706(2), 5 U.S.C § 706(2), upon which relief may be granted, and Plaintiffs' third cause of action, Sec. Am. Compl. ¶¶ 77-9, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

[5] As discussed in EPA's memorandum in support of its motion to dismiss, ECF No. 13-1 at 10-11, "an interested party can petition the Agency under APA section 553(e) to initiate a rulemaking to regulate any pollutant they are concerned with, and EPA's possible denial of that petition would be subject to judicial review.  *See* 5 U.S.C. § 553(e) ('Each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule.')."

## CONCLUSION

For the reasons set forth above, Plaintiffs' *Second Amended Complaint for Declaratory and Injunctive Relief* should be dismissed in its entirety.

Dated: September 30, 2024

                                        Respectfully submitted,

                                        TODD KIM
                                        Assistant Attorney General
                                        Environment & Natural Resources Division

                                        */s/ Shari Howard*
                                        Shari Howard
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Environment & Natural Resources Division
                                        Environmental Defense Section
                                        P.O. Box 7611
                                        Washington, D.C. 20044
                                        Tel: (202) 598-9407
                                        Fax: (202) 514-8865
                                        shari.howard@usdoj.gov

                                        *Counsel for Defendants*