APPEAL,CLOSED,TYPE−C

## U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:24−cv−01654−DLF

| | |
|---|---|
| FARMER et al v. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY et al<br>Assigned to: Judge Dabney L. Friedrich<br>Cause: 33:1365 Environmental Matters | Date Filed: 06/06/2024<br>Date Terminated: 09/29/2025<br>Jury Demand: None<br>Nature of Suit: 893 Environmental Matters<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| JAMES FARMER | represented by | **Laura Dumais**<br>PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br>962 Wayne Ave<br>Suite 610<br>Silver Spring, MD 20910<br>202−265−7337<br>Email: ldumais@peer.org<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| ROBIN ALESSI | represented by | **Laura Dumais**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| PATSY SCHULTZ | represented by | **Laura Dumais**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| KAREN COLEMAN | represented by | **Laura Dumais**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| TONY COLEMAN | represented by | **Laura Dumais**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| POTOMAC RIVERKEEPER, INC. | represented by | **Laura Dumais**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

JOHNSON COUNTY, TEXAS represented by **Laura Dumais**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

MAINE ORGANIC FARMERS AND GARDENERS ASSOCIATION represented by **Laura Dumais**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY represented by **Shari Howard**
DOJ−Enrd
150 M Street NE
Ste 4.149
Washington, DC 20002
202−598−9407
Email: shari.howard@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

MICHAEL S. REGAN
*in his official capacity as Administrator of the United States Environmental Protection Agency* represented by **Shari Howard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES represented by **Allyn Lori Stern**
BEVERIDGE & DIAMOND, PC
600 University St.
Suite 1601
Seattle, WA 98101
206−315−3027
Fax: 206−315−4801
Email: astern@bdlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James Bruce Slaughter**
BEVERIDGE & DIAMOND, P.C.
District Of Columbia

1900 N Street, NW
Suite 100
Washington, DC 20036
202−789−6040
Email: jslaughter@bdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Kolkin**
BEVERIDGE & DIAMOND, PC
201 N. Charles St.
Suite 2210
Baltimore, MD 21201
410−952−2211
Email: tkolkin@bdlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 06/06/2024 | 1 | COMPLAINT against MICHAEL S. REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ( Filing fee $ 405 receipt number ADCDC−10945940) filed by KAREN COLEMAN, ROBIN ALESSI, JAMES FARMER, TONY COLEMAN, PATSY SCHULTZ. (Attachments: # 1 Civil Cover Sheet, # 2 Summons EPA, # 3 Summons Michael Regan, EPA Administrator, # 4 Summons US Attorney for the District of Columbia, # 5 Summons US Attorney General)(Dumais, Laura) (Attachment 1 replaced on 6/10/2024) (zcb). (Entered: 06/06/2024) |
| 06/10/2024 | | Case Assigned to Judge Dabney L. Friedrich. (zcb) (Entered: 06/10/2024) |
| 06/10/2024 | 2 | SUMMONS (4) Issued Electronically as to MICHAEL S. REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zcb) (Entered: 06/10/2024) |
| 06/14/2024 | 3 | STANDARD ORDER for Civil Cases. See text for details. Signed by Judge Dabney L. Friedrich on June 14, 2024. (lcdlf2) (Entered: 06/14/2024) |
| 07/02/2024 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 6/18/2024. Answer due for ALL FEDERAL DEFENDANTS by 8/17/2024. (Dumais, Laura) (Entered: 07/02/2024) |
| 07/02/2024 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES ENVIRONMENTAL PROTECTION AGENCY served on 6/24/2024 (Dumais, Laura) (Entered: 07/02/2024) |
| 07/02/2024 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. MICHAEL S. REGAN served on 6/24/2024 (Dumais, Laura) (Entered: 07/02/2024) |
| 07/02/2024 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 06/25/2024. (Dumais, Laura) (Entered: 07/02/2024) |

3

| 07/23/2024 | 8 | Consent MOTION for Leave to File *Amended Complaint* by ROBIN ALESSI, KAREN COLEMAN, TONY COLEMAN, JAMES FARMER, PATSY SCHULTZ. (Attachments: # 1 Exhibit Amended complaint)(Dumais, Laura) (Entered: 07/23/2024) |
|---|---|---|
| 07/23/2024 | 9 | NOTICE of Appearance by Shari Howard on behalf of All Defendants (Howard, Shari) (Entered: 07/23/2024) |
| 07/25/2024 | | MINUTE ORDER granting plaintiffs' 8 Consent Motion for Leave to File Amended Complaint. The Clerk of Court is directed to docket the 8 −1 Amended Complaint as the plaintiffs' Amended Complaint. Accordingly, the defendants shall answer or otherwise respond to the Amended Complaint on or before August 17, 2024. So Ordered by Judge Dabney L. Friedrich on July 25, 2024. (lcdlf2) (Entered: 07/25/2024) |
| 07/25/2024 | | Set/Reset Deadlines: Answer due by 8/17/2024, (zjch, ) (Entered: 07/26/2024) |
| 07/25/2024 | 26 | AMENDED COMPLAINT against All Defendants filed by KAREN COLEMAN, JAMES FARMER, TONY COLEMAN, ROBIN ALESSI, PATSY SCHULTZ; pursuant to 7/25/2024 MINUTE ORDER.(mg) (Entered: 10/24/2024) |
| 07/31/2024 | 10 | Consent MOTION for Extension of Time to File Answer *or Otherwise Respond to the Amended Complaint* by MICHAEL S. REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Text of Proposed Order)(Howard, Shari) (Entered: 07/31/2024) |
| 07/31/2024 | | MINUTE ORDER. Upon consideration of the defendants' 10 Consent Motion for Extension of Time, the motion is GRANTED. The defendants shall answer or otherwise respond to the plaintiffs' amended complaint on or before September 9, 2024. So Ordered by Judge Dabney L. Friedrich on July 31, 2024. (lcdlf1) (Entered: 07/31/2024) |
| 08/12/2024 | 11 | Consent MOTION for Leave to File *Second Amended Complaint* by ROBIN ALESSI, KAREN COLEMAN, TONY COLEMAN, JAMES FARMER, PATSY SCHULTZ. (Attachments: # 1 Exhibit Amended complaint)(Dumais, Laura) (Entered: 08/12/2024) |
| 08/14/2024 | | MINUTE ORDER granting plaintiffs' 11 Consent Motion for Leave to File Second Amended Complaint. The Clerk of Court is directed to docket the [11−1] Amended Complaint as the plaintiffs' Second Amended Complaint. So Ordered by Judge Dabney L. Friedrich on August 14, 2024. (lcdlf2) (Entered: 08/14/2024) |
| 08/14/2024 | 12 | Second AMENDED COMPLAINT against All Defendants filed by KAREN COLEMAN, JAMES FARMER, TONY COLEMAN, ROBIN ALESSI, PATSY SCHULTZ, POTOMAC RIVERKEEPER, INC., JOHNSON COUNTY, TEXAS, MAINE ORGANIC FARMERS AND GARDENERS ASSOCIATION.(mg) (Entered: 08/14/2024) |
| 09/09/2024 | 13 | MOTION to Dismiss *Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief* by MICHAEL S. REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Howard, Shari) (Entered: 09/09/2024) |
| 09/23/2024 | 14 | RESPONSE re 13 MOTION to Dismiss *Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief Opposition* filed by ROBIN ALESSI, KAREN COLEMAN, TONY COLEMAN, JAMES FARMER, JOHNSON COUNTY, TEXAS, MAINE ORGANIC FARMERS AND GARDENERS ASSOCIATION, POTOMAC RIVERKEEPER, INC., PATSY SCHULTZ. (Dumais, Laura) (Entered: 09/23/2024) |

| 09/23/2024 | 15 | NOTICE of Proposed Order by ROBIN ALESSI, KAREN COLEMAN, TONY COLEMAN, JAMES FARMER, JOHNSON COUNTY, TEXAS, MAINE ORGANIC FARMERS AND GARDENERS ASSOCIATION, POTOMAC RIVERKEEPER, INC., PATSY SCHULTZ re 14 Response to motion, (Dumais, Laura) (Entered: 09/23/2024) |
|---|---|---|
| 09/26/2024 | 16 | ENTERED IN ERROR...MOTION to Intervene by NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order, # 5 Intervenor−Defendant NACWA's Motion to Join Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, # 6 LCvR 26.1 Certificate)(Slaughter, James) Modified on 9/26/2024; entered in error at the request of counsel (zdp). Modified on 9/26/2024 (zdp). (Entered: 09/26/2024) |
| 09/26/2024 | 17 | NOTICE of Appearance by James Bruce Slaughter on behalf of NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES (Slaughter, James) (Entered: 09/26/2024) |
| 09/26/2024 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Allyn L. Stern, Filing fee $ 100, receipt number ADCDC−11188179. Fee Status: Fee Paid. by NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES. (Attachments: # 1 Declaration for Pro Hac Vice Admission, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Slaughter, James) (Entered: 09/26/2024) |
| 09/26/2024 | 19 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Thomas P. Kolkin, Filing fee $ 100, receipt number ADCDC−11188272. Fee Status: Fee Paid. by NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES. (Attachments: # 1 Declaration for Pro Hac Vice Admission, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Slaughter, James) (Entered: 09/26/2024) |
| 09/26/2024 | 20 | MOTION to Intervene by NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order, # 5 Intervenor−Defendant NACWA's Motion to Join Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, # 6 LCvR 26.1 Certificate)(Slaughter, James) (Entered: 09/26/2024) |
| 09/26/2024 |  | MINUTE ORDER granting the 18 Motion for Leave to Appear Pro Hac Vice by Attorney Allyn L. Stern. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. Click for instructions. So Ordered by Judge Dabney L. Friedrich on September 26, 2024. (lcdlf2) (Entered: 09/26/2024) |
| 09/26/2024 |  | MINUTE ORDER granting the 19 Motion for Leave to Appear Pro Hac Vice by Attorney Thomas P. Kolkin. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)**. Click for instructions. So Ordered by Judge Dabney L. Friedrich on September 26, 2024. (lcdlf2) (Entered: 09/26/2024) |
| 09/30/2024 | 21 | REPLY re 14 Response to motion, filed by MICHAEL S. REGAN, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY. (Howard, Shari) (Entered: 09/30/2024) |
| 10/01/2024 |  | Motion terminated: 8 Consent Motion for Leave to File Amended Complaint. (lcdlf1) (Entered: 10/01/2024) |
| 10/01/2024 | 22 |  |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Thomas Kolkin on behalf of NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES (Kolkin, Thomas) (Entered: 10/01/2024) |
| 10/01/2024 | 23 | NOTICE of Appearance by Allyn Lori Stern on behalf of NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES (Stern, Allyn) (Entered: 10/01/2024) |
| 10/09/2024 | 24 | RESPONSE re 20 MOTION to Intervene *Response in Opposition* filed by ROBIN ALESSI, KAREN COLEMAN, TONY COLEMAN, JAMES FARMER, JOHNSON COUNTY, TEXAS, MAINE ORGANIC FARMERS AND GARDENERS ASSOCIATION, POTOMAC RIVERKEEPER, INC., PATSY SCHULTZ. (Attachments: # 1 Text of Proposed Order)(Dumais, Laura) (Entered: 10/09/2024) |
| 10/16/2024 | 25 | REPLY to opposition to motion re 20 Motion to Intervene, filed by NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES. (Attachments: # 1 Exhibit 2024−09−23 Email from Dumais to Stern & Kolkin)(Slaughter, James) (Entered: 10/16/2024) |
| 12/16/2024 | 27 | MEMORANDUM OPINION regarding National Association of Clean Water Agencies' 20 Motion to Intervene. See text for details. Signed by Judge Dabney L. Friedrich on December 16, 2024. (lcdlf2) (Entered: 12/16/2024) |
| 12/16/2024 | 28 | ORDER granting National Association of Clean Water Agencies' 20 Motion to Intervene. See text for details. Signed by Judge Dabney L. Friedrich on December 16, 2024. (lcdlf2) (Entered: 12/16/2024) |
| 12/16/2024 | 33 | MOTION for Joinder re 13 Motion to Dismiss by NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES. (znmw) (Entered: 06/30/2025) |
| 12/16/2024 | 34 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES (znmw) (Entered: 06/30/2025) |
| 12/19/2024 | 29 | Consent MOTION for Extension of Time to File Response/Reply *to Intervenor NACWA's Mot. to Join Defs.' Mot. to Dismiss* by JAMES FARMER, ROBIN ALESSI, POTOMAC RIVERKEEPER, INC., JOHNSON COUNTY, TEXAS, MAINE ORGANIC FARMERS AND GARDENERS ASSOCIATION, PATSY SCHULTZ, KAREN COLEMAN, TONY COLEMAN. (Dumais, Laura) (Entered: 12/19/2024) |
| 12/20/2024 | | MINUTE ORDER granting the plaintiffs' consent 29 Motion to Extend Time. The plaintiffs shall file any response to intervenor−defendant NACWA's Motion to Join on or before January 13, 2025; and intervenor−defendant NACWA shall file any reply on or before January 29, 2025. Further, the Clerk of Court is directed to docket the [20−5] Motion to Join as the intervenor−defendant's Motion to Join. So Ordered by Judge Dabney L. Friedrich on December 20, 2024. (lcdlf2) (Entered: 12/20/2024) |
| 12/20/2024 | 30 | ERRATA re 33 MOTION for Joinder re 13 MOTION to Dismiss *Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief* by NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES. (mg) Modified event title on 8/15/2025 (znmw). (Entered: 12/23/2024) |
| 01/13/2025 | 31 | Memorandum in opposition to re 30 Motion for Joinder filed by JAMES FARMER, ROBIN ALESSI, POTOMAC RIVERKEEPER, INC., JOHNSON COUNTY, TEXAS, MAINE ORGANIC FARMERS AND GARDENERS ASSOCIATION, PATSY SCHULTZ, KAREN COLEMAN, TONY COLEMAN. (Dumais, Laura) (Entered: 01/13/2025) |

6

| | | |
|---|---|---|
| 01/29/2025 | 32 | REPLY to opposition to motion re 30 Motion for Joinder filed by NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES. (Slaughter, James) (Entered: 01/29/2025) |
| 09/29/2025 | | MINUTE ORDER granting the intervenor−defendant NACWA's 33 Motion to Join Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. So Ordered by Judge Dabney L. Friedrich on September 29, 2025. (lcdlf2) (Entered: 09/29/2025) |
| 09/29/2025 | 35 | MEMORANDUM OPINION & ORDER granting the federal defendants' 13 Motion to Dismiss Plaintiffs' Second Amended Complaint, as 33 joined by the intervenor−defendant NACWA. See text for details. Signed by Judge Dabney L. Friedrich on September 29, 2025. (lcdlf2) (Entered: 09/29/2025) |
| 11/25/2025 | 36 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 35 Order on Motion to Dismiss, by ROBIN ALESSI, KAREN COLEMAN, TONY COLEMAN, JAMES FARMER, JOHNSON COUNTY, TEXAS, MAINE ORGANIC FARMERS AND GARDENERS ASSOCIATION, POTOMAC RIVERKEEPER, INC., PATSY SCHULTZ. Filing fee $ 605, receipt number BDCDC−12098025. Fee Status: Fee Paid. Parties have been notified. (Dumais, Laura) (Entered: 11/25/2025) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES FARMER, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO. 24-cv-1654 (DLF) |

**NOTICE OF APPEAL**

All Plaintiffs in this case hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the final order entered in this matter on September 29, 2025. [ECF 35]

Respectfully submitted this 25th day of November, 2025,

/s/ Laura Dumais
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
962 Wayne Ave., Suite 610
Silver Spring, MD 20910
(202) 265-7337
ldumais@peer.org

/s/ Paula Dinerstein
Paula Dinerstein, D.C. Bar No. 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pdinerstein@peer.org

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES FARMER, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>*Defendants*. | No. 24-cv-1654 (DLF) |

MEMORANDUM OPINION AND ORDER

James Farmer; Robin Alessi; Patsy Shultz; Karen Coleman; Tony Coleman; Potomac Riverkeeper, Inc.; Johnson County, Texas; and the Maine Organic Farmers and Gardeners Association bring this action against the Environmental Protection Agency (EPA), its administrator, and intervenor-defendant National Association of Clean Water Agencies (NACWA). *See* Sec. Am. Compl., Dkt. 12; Order, Dkt. 28. The plaintiffs seek to compel agency action regarding the regulation of sewage sludge under the Clean Water Act (CWA), 33 U.S.C. §§ 1251 *et seq.*, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706. Before the Court is the federal defendants' Motion to Dismiss, EPA Mot., Dkt. 13, as joined by NACWA, NACWA Mot., Dkt. 33. For the reasons that follow, the Court will grant the motion.

I.     BACKGROUND

Sewage sludge is "solid, semi-solid, or liquid residue generated during the treatment of domestic sewage in a treatment works."  40 C.F.R. § 503.9(w).  Section 405(d) of the CWA governs the regulation of sewage sludge.  33 U.S.C. § 1345(d).  Sections 405(d)(2)(A) and (B) set deadlines in 1986 and 1987 for EPA to "identify those toxic pollutants which . . . may be present

9

in sewage sludge in concentrations which may adversely affect public health or the environment" and then propose and promulgate "regulations specifying acceptable management practices for sewage sludge containing each such toxic pollutant and establishing numerical limitations for each such pollutant." *Id.* § 1345(d)(2)(A)(i); *see also id.* § 1345(d)(2)(B)(i) (setting 1987 and 1988 deadlines for identifying and regulating other toxic pollutants). Section 405(d)(2)(C) further provides that, "[f]rom time to time, but not less often than every 2 years, the Administrator [of EPA] shall review the regulations promulgated under this paragraph for the purpose of identifying additional toxic pollutants and promulgating regulations for such pollutants consistent with the requirements of this paragraph." *Id.* § 1345(d)(2)(C). EPA published its most recent review of its sewage-sludge regulations in December 2022. *See* EPA, Biennial Report No. 9 (Reporting Period 2020–2021), December 2022, https://perma.cc/R455-TG7R (Biennial Report No. 9).

Per- and polyfluoroalkyl substances (PFAS) are a class of chemicals used in a variety of consumer products and industrial applications. Sec. Am. Compl. ¶¶ 1, 7. Because of their durability, PFAS are "bio-accumulative" and "bio-magnifying" such that they can contaminate sewage sludge, which can pollute land when used as fertilizer. *Id.* ¶¶ 1, 7 & n.1, 8. Although EPA's biennial reports have listed eleven PFAS as being present in sewage sludge, *id.* ¶ 11, the agency has not promulgated any corresponding regulations, *id.* ¶ 84.

The plaintiffs comprise a group of farmers, the county in which they live and work, a nonprofit organization dedicated to promoting organic agriculture, and an organization representing residents throughout the Potomac River watershed. *Id.* ¶¶ 21–38. They filed the operative complaint in August 2024, seeking an order directing EPA (1) to identify certain PFAS in its next biennial report and (2) to regulate certain other PFAS pursuant to deadlines set by this

2

Court.  Sec. Am. Compl. at 31.  The federal defendants now move to dismiss the operative complaint for lack of subject-matter jurisdiction and for failure to state a claim.  EPA Mot.

**II.    LEGAL STANDARDS**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Federal law empowers federal district court judges to hear only certain kinds of cases, and the plaintiff bears the burden of establishing that his case falls within that limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  When deciding a Rule 12(b)(1) motion, the Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citation modified).  A court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (citation modified).  A court that lacks jurisdiction must dismiss the action.  Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Rule 12(b)(6) allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Well-pleaded factual allegations are "entitled to [an] assumption of truth," *id.* at 679, and the Court construes the

3

complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (citation modified). But the Court need not accept "a legal conclusion couched as a factual allegation" nor an inference unsupported by the facts alleged in the pleadings. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.  ANALYSIS

Under the CWA, the plaintiffs allege that EPA failed to (1) identify a set of eighteen PFAS (Table 1 PFAS) as present in sewage sludge and (2) regulate a set of eleven PFAS (Table 2 PFAS) listed in its earlier biennial reports. Sec. Am. Compl. ¶¶ 3, 10–11; *see* 33 U.S.C. §§ 1365(a)(2), 1345(d). Under the APA, the plaintiffs further allege that the agency's failure to include the Table 1 PFAS in its latest Biennial Report constitutes an arbitrary and capricious action, Sec. Am. Compl. ¶ 4; *see* 5 U.S.C. § 706(2)(A), and that EPA's failure to regulate certain PFAS constitutes an unlawfully withheld or unreasonably delayed action, Sec. Am. Compl. ¶ 4; *see* 5 U.S.C. § 706(1).

The Court will grant the defendants' motion to dismiss. Although the plain language of the CWA imposes a non-discretionary duty on EPA to *review* its regulations on a biennial basis, it does not mandate that EPA also *identify and regulate* sewage-sludge pollutants within the same time frame. And neither the Biennial Report nor EPA's failure to list pollutants in that report constitutes a final agency action subject to APA review.

This is not to say, however, that an interested party cannot initiate legal action against EPA for failing to identify or regulate PFAS. To the contrary, an interested party can petition EPA to initiate a rulemaking to identify or regulate any pollutant. See 5 U.S.C. § 553(e). And EPA's denial of any such petition could constitute a final agency action subject to APA review.

4

A.     CWA Claims

The CWA's citizen-suit provision contains a conditional waiver of sovereign immunity, without which the court lacks subject-matter jurisdiction. *See Sierra Club v. Wheeler*, 956 F.3d 612, 618 (D.C. Cir. 2020). That provision waives sovereign immunity for citizens suits arising from EPA's "failure . . . to perform any act or duty under [the CWA] which is not discretionary." 33 U.S.C. § 1365(a)(2). A duty is non-discretionary if it "categorically mandate[s] that *all* specified action be taken by a date-certain deadline." *Sierra Club v. Thomas*, 828 F.2d 783, 790–91 (D.C. Cir. 1987) (citation modified); *see Alaska Cmty. Action on Toxics v. EPA*, 943 F. Supp. 2d 96 (D.D.C. 2013).[1] "[A] nondiscretionary duty of timeliness may arise even if a deadline is not explicitly set forth in the statute, if it is readily-ascertainable by reference to some other fixed date or event." *Thomas*, 828 F.2d at 790.

The plaintiffs assert that Section 405(d)(2)(C) imposes a non-discretionary biennial duty to identify and regulate sewage-sludge pollutants that "'may adversely affect public health or the environment.'" *See* Pls.' Opp'n at 8–9, Dkt. 14 (quoting 33 U.S.C. § 1345(d)(2)(A)(i)). According to the plaintiffs, EPA has shirked its non-discretionary duties under the CWA by failing to identify or regulate certain toxic PFAS since its latest biennial review. *Id.* at 12, 15. The Court disagrees. Even assuming that Section 402(d)(2)(C) requires EPA to identify and to regulate additional sewage-sludge pollutants at some point, it does not specify a "date-certain deadline" by which the agency must do so.

The Court begins with the plain text of the statute. *See Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016). Section 405(d)(2)(C) provides that, "[f]rom time to time, but

---

[1] "[A] failure to perform claim requires a date-certain deadline, while [a claim for] unreasonable delay does not." *Zook v. McCarthy*, 52 F. Supp. 3d 69, 73 (D.D.C. 2014) (citation modified).

5

not less often than every 2 years, the Administrator shall review the regulations promulgated under this paragraph for the purpose of identifying additional toxic pollutants and promulgating regulations for such pollutants." 33 U.S.C. § 1345(d)(2)(C).  It is well-established that the "word 'shall' generally imposes a nondiscretionary duty." *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 362 (2018); *Bennett v. Spear*, 520 U.S. 154, 175 (1997).  Here, the statute commands that EPA "*shall* review the regulations." 33 U.S.C. §1345(d)(2)(C) (emphasis added).  The parties do not contest that this language imposes a non-discretionary duty to *review* the regulations on a biennial basis.  But Congress did not mandate that EPA "shall" review the existing regulations "*and*" identify and regulate additional pollutants.  *See Friends of the Earth v. EPA*, 934 F. Supp. 2d 40, 49 (D.D.C. 2013) ("Here, the statute does not mandate that the Administrator 'shall' make an endangerment finding '*and*' take some action based on that review."); *cf., e.g.*, 33 U.S.C. § 1314(a)(9)(B) (commanding that the Administrator "shall review *and*, as necessary, *revise* the water quality criteria" (emphases added)).  Instead, Congress specified that EPA "shall" review the regulations "for the purpose" of identifying and regulating additional pollutants consistent with the requirements of Section 405(d)(2)(A).  33 U.S.C. § 1345(d)(2).

The phrase "for the purpose of" imposes, at most, a prospective duty.  *See For Purpose Of*, Black's Law Dictionary 773 (rev. 4th ed. 1968) ("With the intention of."); *Purpose, id.* at 1400 ("That which one sets before him to accomplish; an end, intention, or aim, object, plan, project."). Put simply, the statute requires that EPA review its existing regulations to facilitate the *subsequent* identification and regulation of pollutants that may adversely affect public health or the environment.  Given this sequence, the statute's biennial deadline applies only to the "shall review" command, and not to any subsequent identification or regulation that may result from that

6

review.  Accordingly, § 405(d)(2) furnishes no clear deadline by which EPA must identify or regulate pollutants after conducting its review of existing regulations.

Because § 405(d)(2) imposes no date-certain deadline for the identification or regulation of additional pollutants, the Court will dismiss the plaintiffs' failure-to-perform claims under the CWA for lack of subject-matter jurisdiction.  *See Wheeler*, 956 F.3d at 618.

B.   **APA Claims**

The Court next turns to the plaintiffs' APA claims.  The APA authorizes judicial review of a "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704; *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990).  To be deemed final, an agency action must (1) "mark the consummation of the agency's decisionmaking process" and (2) be an action "by which rights or obligations have been determined, or from which legal consequences will flow."  *Bennett*, 520 U.S. at 177–78 (citation modified).  An agency's *inaction* "may represent effectively final agency action . . . when administrative inaction has precisely the same impact on the rights of the parties as [a] denial of relief."  *Thomas*, 828 F. 2d at 793 (citation modified).  A reviewing court shall set aside a final agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

The plaintiffs assert that EPA's failure to list the Table 1 PFAS substances in its Biennial Report was arbitrary and capricious.  Pls.' Opp'n at 16–17; Sec. Am. Compl. ¶ 4.  The plaintiffs have identified an agency action.  *See* 5 U.S.C. § 551(13) (defining "agency action" to include a "failure to act").  But they fail to show that either the Biennial Report or EPA's failure to list certain PFAS in that report have any legal consequences that establish the finality required for APA review.

7

Start with the Biennial Report as an agency action. That report lists pollutants that EPA will assess for risk to public health or the environment. Even assuming that the report represents the consummation of EPA's decisionmaking process as to which pollutants to *identify* for regulation, the report neither determines any rights or obligations nor creates any legal consequences. Indeed, the report's introductory notice cautions that it is "not a regulation, nor does it change or substitute for any statutory provisions or EPA regulations" and disclaims any "legally binding requirements on EPA, states, tribes, or the regulated community." Biennial Report No. 9 at iii. "While disclaimers of that sort can carry little weight when they are boilerplate," the D.C. Circuit has "taken cognizance of such language when—as here—the rest of the document is similarly devoid of relevant commands to regulated parties." *Valero Energy Corp. v. EPA*, 927 F.3d 532, 536–37 (D.C. Cir. 2019) (citation modified). And looking to the "actual legal effect (or lack thereof) of the agency action in question on regulated entities," the report "does not tell regulated parties what they must do or may not do in order to avoid liability," "imposes no obligations or prohibitions on regulated entities," and "may not be the basis for an enforcement action against a regulated entity." *Nat'l Mining Ass'n v. McCarthy*, 758 F.3d 243, 252 (D.C. Cir. 2014).

The plaintiffs contend that the report "allow[s] the continued application of harmful PFAS to farmland without regulation." Pls.' Opp'n at 18. But "these are practical consequences, not legal harms that can transform the [Biennial Report] into a final agency [action]." *Joshi v. Nat'l Transp. Safety Bd.*, 791 F.3d 8, 11–12 (D.C. Cir. 2015). At bottom, the report is "informational in nature," *Indep. Equip. Dealers Ass'n v. EPA*, 372 F.3d 420, 427 (D.C. Cir. 2004), as it provides only "the approach used and the results of EPA's Biosolids [Biennial Review], covering 2020–2021," Biennial Report No. 9 at 1. "Compelling no one to do anything, the [report] had no binding

8

effect whatsoever[,] not on the agency and not on the regulated community." *Indep. Equip. Dealers*, 372 F.3d at 427.  Accordingly, the Biennial Report is not a final agency action.

As an agency inaction, EPA's failure to list certain substances in the Biennial Report also lacks the same impact on the rights of parties as an express denial of relief.  *Thomas*, 828 F.2d at 793.  A decision not to list a particular pollutant in the Biennial Report does not constitute a refusal to regulate.  *See Hi-Tech Pharmacal Co. v. USDA*, 587 F. Supp. 2d 1, 10 (D.D.C. 2020).  *Contra* Pls.' Opp'n at 19.  After all, a pollutant need not be identified in the report for EPA to regulate it.  EPA Mot. at 11.  And any interested party, including the plaintiffs, may still petition EPA under 5 U.S.C. § 553(e) to initiate a rulemaking to regulate any PFAS, regardless of whether it is listed in the report.  *See* 5 U.S.C. § 553(e) ("Each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule.").  The denial of such a petition could constitute a refusal to regulate.  *See Massachusetts v. EPA*, 549 U.S. 497, 527–28 ("[A]gency refusals to initiate rulemaking . . . arise out of denials of petitions for rulemaking.").  A failure to list certain pollutants in a report, however, does not.  Without more, the plaintiffs fail to show that EPA's omission of certain substances from the Biennial Report is "the functional equivalent of final agency action."  *Hi-Tech*, 587 F. Supp. 2d at 10.

Because the plaintiffs have not identified a final agency action, the Court will dismiss their arbitrary and capricious challenge to EPA's Biennial Report for failure to state a claim.

C.     **Unreasonable Delay**

As to the plaintiffs' unreasonable-delay claims, the defendants argue that APA review is precluded because the CWA's citizen-suit provision provides an adequate judicial remedy.  EPA Mot. at 7; *see* 5 U.S.C. § 704.  In response, the plaintiffs agree that these claims "may be

9

dismissed." Pls.' Opp'n at 16; *see* EPA Reply at 16, Dkt. 1. Accordingly, the Court will dismiss the plaintiffs' unreasonable-delay claims without considering the merits and without prejudice.

For the foregoing reasons, it is

**ORDERED** that the federal defendants' Motion to Dismiss, Dkt. 13, as joined by NACWA, Dkt. 33, is **GRANTED**. Counts I and IV are **DISMISSED** without prejudice under Rule 12(b)(1). Count III is **DISMISSED** with prejudice under Rule 12(b)(6). Counts II and V are voluntarily **DISMISSED** without prejudice.

This is a final appealable order. The Clerk of Court is directed to close this case.

**So Ordered.**

_____
DABNEY L. FRIEDRICH
United States District Judge

September 29, 2025

10